```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Glenda Bailey, | C/A No. 6:09-2013-HFF-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Faurecia;<br>Jerry Saunders, and<br>Curly King, | |
| Defendants. | |

This matter is before the Court because of Plaintiff's failure to fully comply with the undersigned's Orders of August 3 and September 9, 2009 (Entries 10 and 18), and because of Plaintiff's failure to prosecute the case in a timely manner.

This case was filed by Plaintiff on July 30, 2009, and the Order of August 3 directed Plaintiff to submit the required service documents for the Defendants. Plaintiff only partially complied with that Order. She did not submit the required summons form nor did she provide the Forms USM-285 for two of the Defendants. The Order of September 9 clearly informed Plaintiff that she was being given a "FINAL" opportunity to bring the case fully into proper form as directed, and that if she failed to submit the required documents within the time permitted under the Order, a recommendation for summary dismissal of the case would be issued. The time for Plaintiff's compliance with the September 9 Order expired on October 2, 2009. Plaintiff did not respond to the September 9 Order in any fashion. As a result, this case is still not in proper form and there is no time left for Plaintiff to comply with the previously issued Orders.

Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), to the circumstances of this case, Plaintiff's failure to comply with the terms of the proper-form Orders issued in this case, despite her knowledge of the consequences of such non-compliance, indicates an intent on Plaintiff's part not to prosecute this case. Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Orders and her failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

s/William M. Catoe
United States Magistrate Judge

October 15, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).