IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Glenda A. Bailey,<br><br>    Plaintiff,<br><br>vs.<br><br>Faurecia, Jerry Saunders,<br>and Curly King,<br><br>    Defendants. | Civil Action No. 6:09-cv-2013-JMC-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for an extension of time (doc. 97) and the defendants' motions to dismiss (docs. 54, 87). On July 30, 2009, the plaintiff filed her *pro se* complaint against Faurecia and Faurecia employees Curly King and Jerry Saunders, asserting claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **PROCEDURAL HISTORY**

On April 12, 2010, defendants Saunders and King filed a motion to dismiss (doc. 54). By order of the court filed April 13, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. The plaintiff moved for an extension of time, which was granted by the Honorable William M. Catoe, United States Magistrate Judge (retired). The plaintiff filed no response by the extended deadline of

June 21, 2010. On July 21, 2010, this court issued an order noting that it appeared the plaintiff wished to abandon her claims against defendants Saunders and King. The plaintiff was advised that if she failed to file a response to the motion to dismiss by August 16, 2010, her claims against Saunders and King would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and the dismissal would be considered an adjudication on the merits, i.e., *with prejudice*. On August 16, 2010, the plaintiff filed yet another motion for extension of time to file a response to the motion to dismiss, which this court granted, extending the response date to September 10, 2010. The plaintiff failed to file any response.

Defendant Faurecia served interrogatories, requests to produce, and requests to admit on the plaintiff on July 26, 2010. The plaintiff's responses to Faurecia's written discovery requests were due to be served upon Faurecia on or before August 30, 2010. The plaintiff failed to serve any responses.

On July 28, 2010, Faurecia served the plaintiff with a notice of deposition, to be taken at 9:30 a.m. on Friday, September 3, 2010. The plaintiff failed to appear for her properly noticed deposition, resulting in expenses incurred in preparing for and attending the scheduled deposition by counsel for Faurecia, King, and Saunders. Discovery in this case closed on September 7, 2010.

On September 20, 2010, the defendants filed a joint motion to dismiss for failure to prosecute. By order of the court filed September 22, 2010, pursuant to *Roseboro*, 528 F.2d 309, the plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. The plaintiff failed to timely respond. On November 3, 2010, this court issued an order stating in pertinent part:

> As the plaintiff has failed to respond to either of the motions to dismiss, despite having been afforded several opportunities to respond to first motion, it appears to the court that she wishes to abandon this action. Therefore,

2

> IT IS ORDERED that the plaintiff shall have a final opportunity, through November 29, 2010, to file her responses to the motions to dismiss. The plaintiff is advised that **no further extensions to respond to either motion will be granted**, and that if she fails to file her responses, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., with prejudice.

(Doc. 91) (emphasis in original).

On November 29, 2010, the plaintiff filed a motion for extension of time "to talk to [her] new lawyer" (doc. 97). The plaintiff states in her motion that she has not yet had an appointment with her "new lawyer" and does not specify how much time is needed or when such appointment will take place. Further, no lawyer has entered an appearance in this case on behalf of the plaintiff.

## **ANALYSIS**

In their original motion to dismiss (doc. 54), individual defendants Saunders and King argued they were supervisory employees and/or agents of Faurecia acting within the course and scope of their employment during the time in which their alleged actions occurred, and therefore only Faurecia as the employer is vicariously liable for any Title VII violations that occurred. According to the complaint, both King and Saunders are employees of Faurecia - King as a supervisor, and Saunders as a "Gap Leader." Employees and supervisors are not liable in their individual capacities for violations of Title VII. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998). Thus, the complaint should be dismissed against these individual defendants.

Defendants Saunders and King also joined with Faurecia in the motion to dismiss for failure to prosecute (doc. 87). A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering

3

whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). The "[f]ailure to prosecute in violation of Rule 41(b) may consist of deliberate delay or simple inaction." *Herrman v. Allstate Ins. Co.*, 450 F.Supp.2d 537, 543 (E.D. Pa. 2006) (internal citations omitted).

In the present case, the plaintiff is proceeding *pro se*, and she is thus entirely responsible for her actions. It is solely through the plaintiff's neglect, and not that of an attorney, that no responses have been filed. The plaintiff has never: (1) served Rule 26(a)(1) disclosures; (2) served and filed Local Rule 26.03 Disclosures; (3) filed her Rule 26(f) Report, despite being ordered to do so by the court and informed that the failure to do so "could result in… dismissal of all causes of action…." (doc. 64); (4) filed a response to the motion to dismiss of defendants King and Saunders; (5) served any written discovery or sought to take any depositions; (6) served answers to Faurecia's interrogatories; (7) served responses to Faurecia's requests to produce; (8) served responses to Faurecia's request to admit; (9) appeared for her own properly-noticed deposition; or (10) filed a response to the motion to dismiss for failure to prosecute. This case has been pending for over a year and a half, and, as argued by the defendants, all the plaintiff has done during the pendency of the case is request additional time. This court has extended the plaintiff's deadlines on numerous occasions. The discovery period is now closed, and defendant Faurecia has been denied the discovery to which it is entitled. No other reasonable

4

sanctions are available. Accordingly, the motion to dismiss for failure to prosecute should be granted.

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion for an extension of time (doc. 97) is denied. Further,

IT IS RECOMMENDED that the defendants' motions to dismiss (docs. 54, 87) be granted and the plaintiff's complaint be dismissed *with prejudice.*[1]

s/Kevin F. McDonald
United States Magistrate Judge

December 1, 2010

Greenville, South Carolina

---

[1] Rule 41(b) provides that a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with ... a court order" and that "[u]nless the dismissal order states otherwise" such a dismissal "operates as an adjudication on the merits." Fed.R.Civ.P. 41(b).

5